# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK N.A., national association,<br><br>Plaintiff,<br><br>v.<br><br>JASVINDER SINGH, an individual resident and citizen of California dba NS TRANSPORT; DOES 1-10,<br><br>Defendants. | Case No.  1:23-cv-00067-BAM<br><br>ORDER VACATING HEARING SET FOR APRIL 28, 2023<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT SUPPLEMENTAL BRIEFING REGARDING MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>(Doc. 8)<br><br>**TWENTY-ONE DAY DEADLINE** |

On March 16, 2023, Plaintiff BMO Harris Bank N.A. ("Plaintiff") filed a motion for entry of default judgment against Defendant Jasvinder Singh dba NS Transport ("Defendant"). (Doc. 8.)  Following a preliminary review of the motion, the Court finds supplemental briefing is warranted.

In deciding whether to grant or deny a default judgment, a court must assess the adequacy of the service of process on the party against whom default is requested. See, e.g., *Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388, at *4 (E.D. Cal. Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *2 (N.D. Cal. Apr. 19, 2011)); *Katzakian*

1

*v. Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912, at *1 (E.D. Cal. Dec. 15, 2010).

According to the proof of service on file, Plaintiff served Defendant with the summons and complaint by substituted service at his "*Home*" located at "3661 West *Shield* Avenue, #263, Fresno, CA 93722," by leaving a copy of the summons and complaint with the co-occupant, John Doe, on February 10, 2023. (Doc. 5) (emphasis added). Thereafter, a copy of the summons and complaint were mailed to Defendant at the same address. (*Id.*)

However, the Complaint alleges that Defendant is "residing at 3661 W. Shield**s**, Apt 263, Fresno, CA 93722." (Doc. 1 at ¶ 5.) Similarly, documents attached to the Complaint and motion for default judgment identify the address as: 3661 W SHIELD**S** APT 263. (See, e.g., Doc. 1 at pp. 24, 30, 37; Doc. 8-1 at p. 25 (Ex. 2), p. 31 (Ex. 3), p. 38 (Ex. 4), p. 71 (Ex. 9)) (emphasis added).

Additionally, Plaintiff's motion for default judgment indicates that Defendant was served not at his home or residence, but at his business address. Indeed, the motion asserts that Defendant "was sub-served pursuant to Cal. Civ. Proc. Code § 415.20(a) on February 10, 2023, by leaving a copy of the summons and complaint *at their business address* located at 3661 West Shield Avenue #263, Fresno, California 93722." (Doc. 8 at p. 2) (emphasis added). The cited subsection of the California Civil Procedure Code also addresses service of the summons and complaint at a person's "office." Cal. Civ. Proc. Code § 415.20(a).

On the current record, the Court will not presume that service was proper in light of the differing street names and the differing characterization of the address for service. Therefore, the Court will vacate the hearing currently scheduled for April 28, 2023, and require Plaintiff to submit supplemental briefing clarifying, correcting, or otherwise explaining the identified discrepancies.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The hearing on Plaintiff's Motion for Entry of Default Judgment (Doc. 8) is VACATED;
2. Within twenty-one (21) days, Plaintiff shall file supplemental briefing clarifying, correcting, or otherwise explaining the service discrepancies identified in this Order; and

///

3. Following receipt of Plaintiff's supplemental briefing, the Court will take the Motion for Entry of Default Judgment under submission.  L.R. 230(g).

IT IS SO ORDERED.

Dated:   **April 18, 2023**              /s/ *Barbara A. McAuliffe*           
                                        UNITED STATES MAGISTRATE JUDGE